Morton agt. Clark.

## SARATOGA COUNTY COURT.

GEORGE MORTON, respondent, agt. DANIEL CLARK, appellant.

In a notice of appeal from a justice's judgment, the *grounds of appeal*, which are required, are not to be stated entirely, if at all, for the information of the justice; because the justice must " make a return to the appellate court of the *testimony, proceedings*, and *judgment*." (*Code*, § 360.)

But it is the right of the *respondent* to be informed what questions are to be made in the county court, so that he may prepare for the argument, or procure an amended return if the original, is defective as to any of the " grounds upon which the appeal is founded."

*March Term*, 1855.

No grounds were stated in the notice of appeal in this action; and the plaintiff's counsel, who had given the usual notice of appearance, objected to any argument, and asked to have the judgment of the justice affirmed.

The counsel for the defendant insisted that it was too late to raise that objection, since the plaintiff's counsel had given notice of appearance, and the cause was regularly brought on for argument. It was also argued that the grounds of appeal were required only for the information of the justice, and, as he had made his return, the plaintiff had no right to object.

The appeal was then argued on the merits, the respective counsel agreeing that the court might pass upon the preliminary objection raised by the respondent's counsel, and the merits of the case at the same time.

W. B. LITCH, *for appellant.*
L. B. PIKE, *for respondent.*

M'KEAN, County Judge. By the practice as it existed before the Code, the party applying for a *certiorari* to review a justice's judgment, was required to make an affidavit, " setting forth the substance of the testimony and proceedings before the justice, *and the grounds upon which an allegation of error*

*was founded."* (2 *R. S.* 255, § 171.) And it was held that an affidavit which omitted to state any grounds, was insufficient. (*The People ex rel. Roe* agt. *The Suffolk Com. Pleas*, 18 *Wend.* 550.)

By the Code of 1848, the appellant was required to make, or cause to be made, "an affidavit, stating the substance of the testimony and proceedings before the court below, and the grounds upon which the appeal was founded." (*Code of* 1848, § 303.) An omission thus to state the grounds was fatal. (*Williams* agt. *Cunningham*, 2 *Sand.* 632 *and note* (*a*); *Thompson* agt. *Hopper*, 1 *Code Reporter*, 103.)

The Code of 1852 substitutes a *notice of appeal* for the affidavit, but requires that such notice shall also state "the grounds upon which the appeal is founded." (§ 353.)

Under the old practice, it was the justice's duty to "truly and fully answer to all the facts set forth in the affidavit on which the *certiorari* was allowed." (2 *R. S.* 255, § 178.) And he was required to answer *only* to the facts thus set forth. But, under the Code, the justice must "make a return to the appellate court of the *testimony, proceedings*, and *judgment.* (§ 360.) And this he must do, whether the appellant has stated few or many grounds in his notice.

It is therefore obvious, that the grounds of appeal are not to be stated entirely, if at all, for the information of the justice. It is the right of the respondent to be informed what questions are to be made in the county court, so that he may prepare for the argument, or procure an amended return, if the original is defective as to any of the "grounds upon which the appeal is founded."

The notice of appeal in this cause is, therefore, insufficient.

But as it was agreed by the counsel that this question, and the merits of the case, might both be passed upon by the court, it is unnecessary to decide, whether, by giving a general notice of appearance, and omitting to make a motion to dismiss the appeal, the respondent has waived the right now to object.(*a*)

(*a*) The case was decided on the merits, and the judgment affirmed.